UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| gh, LLC, | ) | |
|         Plaintiff, | ) | |
| | ) | |
|         v. | ) | CIVIL NO. 4:05CV66AS |
| | ) | |
| Timothy Curtin, | ) | |
| Christopher Stahly, | ) | |
| Clifford Racz, and | ) | |
| EITAC Solutions Group, LLC | ) | |
| | ) | |
|         Defendants. | ) | |

**MEMORANDUM, ORDER & OPINION**

This matter is before the Court on Plaintiff's motion to remand the case to state court (Docket No. 22) and Defendants' motion to amend their notice of removal (Docket No. 28). For the reasons discussed below, the Plaintiff's motion to remand is **DENIED**. The Defendants' motion to amend their notice of removal is **GRANTED**.

I.    Background

The Plaintiff, gh, LLC ("GH") is an Indiana company that develops, markets, and sells products for people with visual disabilities. The individuals named as defendants in this action, Timothy Curtin ("Curtin"), Christopher Stahly ("Stahly"), and Clifford Racz ("Racz"), were employed by GH during various periods of time. According to GH, these individuals signed agreements that obligated them to protect and refrain from improperly using confidential information[1] accessed during their employment. During a four month period from September

---

[1] In its supporting memorandum, GH states that "Confidential Information includes a variety of tangible properties, materials, and information, plus a variety of intangible properties." Memorandum in Support at 1.

2004 to January 2005, the individuals left and began working for defendant EITAC, a Lafayette, Indiana business. GH states that EITAC "appeared to be largely the same business as GH." Memorandum in Support at 5. GH then filed its Complaint in Superior Court 2 of Lafayette, Indiana on August 11, 2005.

The 65-page Complaint contains sixteen counts,[2] which can be summarized as follows: (1) violation of the Indiana Trade Secrets Act; (2) common law misappropriation; (3) breach of contract; (4) specific performance of obligations outlined in the written agreements signed by the individual defendants; (5) unfair competition; (6) unjust enrichment; (7) tortious interference with contractual and business relationships; (8) breach of implied duties of good faith and fair dealing; and (9) promissory estoppel.

The Defendants filed a Notice of Removal in this Court, claiming that "GH's Verified Complaint asserted purported rights arising under the United States Copyright Act." Memorandum in Opposition at 1. The notice was filed by Defendants EITAC and Curtin, but was not joined by the other individual Defendants, Racz and Stahly. Notice of Removal at 1. The Plaintiffs filed a motion to remand this action to state court, arguing that this Court does not have jurisdiction over the action and that the Notice of Removal was technically deficient. After the motion to remand was filed, the Defendants filed a motion to amend their notice of removal.

II.     Removal Standard

Generally, a defendant may remove a case to federal court only if the federal court would have had original jurisdiction over the action. *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987).

---

[2] Some of the counts are brought against all of the defendants, some against all three individual defendants and not EITAC, and some are directed solely to one of the defendants.

2

Under the well-pleaded complaint rule, the court must determine jurisdiction by reference to the plaintiff's complaint, and a defendant may not create federal jurisdiction by raising a federal question in its defense. *Franchise Tax Bd. of the State of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983); *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 72 (7th Cir. 1992). However, under the "artful pleading doctrine," "a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *In re Application of County Collector of County of Winnebago, Illinois (Appeal of O'Brien)*, 96 F.3d 890, 896 (7th Cir. 1996) (quoting *Franchise Tax Bd.*, 463 U.S. at 22)). The removing party ordinarily bears the burden of demonstrating that removal is proper. *Doe v. Allied Signal, Inc.*, 955 F.2d 908, 911 (7th Cir. 1993). The removal statute should be construed narrowly, and any doubts about jurisdiction should be resolved against removal. *Id*.

      III.     Actions "Arising Under" the Copyright Act

28 U.S.C. § 1338(a) gives federal district courts "original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyright, and trademarks." Section 1338(a) further states that in copyright cases, such "jurisdiction shall be exclusive of the courts of the states." To determine whether an action arises under the Copyright Act, courts in the Seventh Circuit apply the standard outlined in the seminal opinion authored by Judge Friendly in *T.B. Harms Co. v. Eliscu*, 339 F.2d 823 (2d Cir. 1964). *See Int'l Armor & Limousine Co. v. Maloney Coachbuilders, Inc.*, 272 F.3d 912, 915-916 (7th Cir. 2001). Under the so-called "*Harms* test," an action arises under the Copyright Act "if the complaint is for a remedy expressly granted by the Act . . . or asserts a claim requiring construction of the Act . . . [or,] perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that

3

federal principles control the disposition of the claim." *Harms*, 339 F.2d at 828.

    IV.    Discussion

The Plaintiffs offer two main arguments against removal: (A) that federal jurisdiction does not exists because this action does not arise under federal law; and (B) that the notice of removal was technically deficient because not all of the defendants joined in the petition. Each of these arguments will be addressed in turn.

    A.    Federal Jurisdiction

The Defendants point to the second prong of the *Harms* test – that a claim "arises under" federal law if the plaintiff asserts a claim requiring construction of the Copyright Act – to show that removal is proper. Specifically, they argue that GH's request that Curtin be ordered to "assign to GH the entire rights to all such Works that under copyright law are not considered works made for hire" requires construction of the Copyright Act and, therefore, gives this Court jurisdiction over the action.[3] Complaint, ¶ 210. The Court agrees.

As the Defendants correctly note, several courts have found that federal jurisdiction exists in cases that raise issues of whether a work is a "work for hire."[4] In *Merchant v. Levy*, 92 F.3d

---

[3]The Court notes that GH never specifically addressed the Defendants' "work for hire" argument. The Court recognizes that the timing of the briefing was unorthodox, and that GH did not have the last word. But the Defendants included this argument in their Notice of Removal. Notice of Removal at 3 ("what Works or copyrightable subject matter are "works for hire," and what remedies should be granted for the unauthorized use of such works are questions of substantive copyright law that require an analysis of the United States Copyright Act.").

[4]The Copyright Act defines a "work made for hire" as one "prepared by an employee within the scope of his or her employment." 17 U.S.C. § 101. The Act further states that "In the case of a work made for hire, the employer . . . is considered the author . . ., and, unless the parties have expressly agreed otherwise in a written instrument signed by them, owns all of the rights comprised in the copyright." 17 U.S.C. § 201(b).

4

51, 56 (2d Cir. 1996), the court found that federal subject matter jurisdiction existed, at least in part, because the application of "the work for hire" doctrine required construction of the Copyright Act. Similarly, in *DeCarlo v. Archie Comic Pubs., Inc.*, 127 F.Supp.2d 497, 505 (S.D.N.Y. 2001), the court found that the action arose under the Copyright Act, resting its decision, in part, on the fact that it would be required to construe the Act's "works for hire provisions." In *Barnhardt v. Federated Dep't Stores, Inc.*, 2005 WL 549712, *4 (S.D.N.Y. 2005), the court denied the plaintiff's motion to remand. Finding that federal jurisdiction existed, the court stated:

> The Complaint alleges that "[t]he Songs are not works for hire," a conclusion that would require the interpretation of the term "works-for-hire" and its corresponding provisions under the Copyright Act. . . Because the plaintiff's claims require construction of the Copyright Act and therefore arise under that Act, the motion to remand based on lack of subject matter jurisdiction is denied.

The cases cited by GH, however, are not persuasive. In *Verotix Sys., Inc. v. Follett Library Res.*, 235 F. Supp.2d 851, 852 (N.D. Ill. 2002), the district court found that it lacked subject matter jurisdiction where the complaint contained counts for violations of the Illinois Trade Secrets Act, breach of certain contracts, and a count for conversion. The court stated that although "both Count 1 ¶ 23 and the License Agreement make brief collateral references to some copyright protection. . . [the plaintiff] has specifically refrained from charging [the defendant] with copyright infringement as a gravamen (or even partial gravamen) of any of its causes of action." *Id*. The court further noted, "it is not for [the defendant] to attempt to transmute those state law causes of action into a federal claim of copyright infringement just because it would prefer a federal forum." *Id*. But GH makes much more than a "brief collateral reference" to the copyright laws or copyright protection. GH explicitly requests relief that, if granted, would

5

require a court to determine which works are "works made for hire" and which aren't. Complaint ¶ 210.  Furthermore, GH explicitly states that this determination must be made in reference to "copyright law." *Id*.  It is the Copyright Act that defines "work made for hire" and outlines how courts "determine whether any work is eligible to be considered" as such.  17 U.S.C. § 101.  The Court does not see how it could order the specific performance requested by GH without construing the Copyright Act and its "work for hire" provisions.

The other cases cited by GH are similarly deficient.  While they all involve claims that reference the federal copyright laws or subject matter protected by the Copyright Act, none involve a plaintiff's explicit request for relief that can be granted only after construing federal copyright laws.  *See Kane v. Nace Int'l*, 117 F.Supp. 2d 592, 596 (S.D. Texas 2000); *Asunto v. Shoup*, 132 F. Supp. 2d 445, 446-47 (E.D. La. 2000); *RBM Tech v. Lash*, No. 04-10062, 2004 WL 1809867, *1 (D. Mass. Aug. 13, 2004).  The First Circuit case of *Royal v. Leading Edge Products, Inc.*, 833 F.2d 1 (1st Cir. 1987), is also distinguishable.  In that case, the court declined to engage in the intellectual acrobatics necessary to find that the implication of the "work for hire" doctrine created federal jurisdiction.  *Id*. at 3.  Notably, however, the "work for hire" doctrine was "not even mentioned in the complaint," and "only tangentially related."  *Id*.  No such acrobatics are required in this case.  GH, who vigorously and correctly asserts that it is the "master" of its claim, chose to make the construction of the "work for hire" doctrine an essential element of its claim for specific performance.  *See Caterpillar*, 482 U.S. at 392; *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127 (1974); Memorandum in Support at 14.  Under Indiana law, "[t]he grant of specific performance directs the performance of a contract according to, or substantially in accordance with, the precise terms agreed upon."  *Kesler v. Marshal*, 792

N.E.2d 893, 896 (Ind. Ct. App. 2003) (citing *Salin Bank & Trust Co. v. Violet U. Peden Trust*, 715 N.E.2d 1003, 1007 (Ind. Ct. App. 1999)).[5] There is simply no way to order specific performance unless it is determined, with adequate precision, which works are "works made for hire" – a determination that would require construction of the Copyright Act. Therefore, GH's claim arises under the Copyright Act.

### B. Technical Deficiency

GH also states that remand is necessary because not all of the Defendants joined the removal petition. Generally, all defendants must join in a removal petition to effect removal. *Chicago, Rock Island & Pac. Ry. Co. v. Martin*, 178 U.S. 245, 248-49 (1900); *Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003). Notice of removal must be filed within thirty days after the receipt by the defendants of a copy of the initial pleading or summons, and the removal petition may be freely amended during that time period. 28 U.S.C. § 1446(b); *Shaw v. Dow Brands, Inc.*, 994 F.3d 364, 368 (7th Cir. 1993). While "the time limit is said to be strictly applied, the time limit is not jurisdictional." *Id.* (citations omitted). Amendments to correct defective allegations of jurisdiction are permitted at any time. 28 U.S.C. § 1653. "The question is whether the [petition for removal] was so defective as to be incurable." *Id.* at 369 (quoting *Kinney v. Columbia Savings & Loan Ass'n*, 191 U.S. 78, 80 (1903).

The Notice of Removal filed on September 12, 2005 was not joined by Defendants Stahly and Racz. A motion to amend the notice was filed on September 27, 2005 (Docket No. 28). That motion indicated that counsel for Stahly and Racz were contacted before the Notice of

---

[5]*See Johnson v. Sprague*, 614 N.E.2d 585, 588 (Ind. Ct. App. 1993) (specific performance is inappropriate "if any essential elements are omitted or left obscure and undefined, so as to leave the intentions of the parties uncertain respecting any substantial terms of the contract.").

7

Removal was filed and, in fact, Stahly and Racz consented to removal. Motion to Amend at 1. Brief in Opposition to Remand (Docket No. 36) Attachment 1, Affidavit of Paul D. Vink; Attachment 2, Affidavit of Craig E. Pinkus.

In light of the fact that all Defendants appear to have actually consented to removal before the petition for removal was filed, this Court will allow the Defendants to amend their notice. The defect is a technical one that "does not go to the heart of jurisdiction." *Shaw*, 994 F.2d at 369. The motion to amend was filed before this Court had an opportunity to deal fully with the jurisdictional issues as it was filed before oral argument and before the briefing had been completed. The Seventh Circuit, noting the reluctance of district courts to permit amendments to technically defective jurisdictional allegations, has stated that "to be observant of these restrictions is not to indulge in formalism or sterile technicality." *N. Illinois Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 274 n.2 (7th Cir. 1982) (internal quotations omitted). This Court will not elevate form over substance to prevent removal because of a technical defect.

V. Conclusion

Based on the foregoing, the Plaintiff's motion to remand is **DENIED**. The Defendants' motion to amend their notice of removal is **GRANTED**.

**SO ORDERED**.

Date: March 28, 2006                                          S/ ALLEN SHARP
                                                              **ALLEN SHARP, JUDGE**
                                                              **UNITED STATES DISTRICT COURT**